IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0056 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY MOTION TO VACATE JUDGMENT and
### ASSESS SANCTIONS AGAINST PETITIONER

Came for consideration the "Letter Motion to Vacate Judgment" filed by petitioner on January 9, 2013 wherein petitioner states he did not receive a copy of the November 28, 2012 Report and Recommendation entered in this case. Respondent has submitted mail logs from the Clements Unit reflecting petitioner received legal mail from this Court on November 30, 2012 and December 3, 2012.[1] From these mail logs it can be determined that petitioner did, in fact, receive legal mail containing a copy of this Court's Report and Recommendation, and that petitioner's claims to the contrary are false.

This petitioner has a long history of frivolous litigation in the federal courts which has included patently absurd, false claims and challenges to disciplinary cases, many of which did

---

[1] A Report and Recommendation in Cause No. 2:11-CV-72 was also entered November 28, 2012.

HAB54\DISCIP\R&R\FINLEY-56.VACATE-DNY:2

not even exist. *See Finley v. Hudson, et al.*, No. 5:09-CV-146 (E.D. Texas – August 1, 2011). In this case, petitioner has filed a pleading necessitating unnecessary action by this Court and unnecessary expense to respondent, wherein he falsely represents he did not receive the Report and Recommendation entered November 28, 2012. Petitioner's fraudulent claims, false statements, and conduct have consumed judicial time and resources and are another example of petitioner's abuse of the judicial process. This Court has previously warned petitioner that sanctions will be assessed if he continues to file frivolous pleadings. *See Finley v. Thaler*, No. 2:10-CV-78. Petitioner's current frivolous filing warrants the imposition of sanctions.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Letter Motion to Vacate Judgment" filed by petitioner JAICOURRIE DeWAYNE FINLEY be DENIED and that sanctions be assessed as follows:

> The Clerk of the United States District Court for the Northern District of Texas, Amarillo Division, shall accept no further civil lawsuits or habeas corpus petitions from JAICOURRIE FINLEY unless accompanied by a motion for leave to file such new lawsuit or petition. The motion for leave to file must explain why the new lawsuit or petition is not frivolous, and show good cause for the Court to accept and file it. Any new lawsuit or petition from JAICOURRIE FINLEY not accompanied by a motion meeting this requirement may be returned to him unfiled, or may be filed and then dismissed for failure to seek leave, at the discretion of the Court. This sanction shall not affect FINLEY's right to pursue any lawsuit or petition for which leave to file is granted by the Court.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to respondent by the most efficient means available, and to petitioner by

certified mail, return receipt requested.

 IT IS SO RECOMMENDED.

 ENTERED this 28th day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

 Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).